11L 525
4pi 512

# EAST TENNESSEE, VIRGINIA & GEORGIA RAILROAD COMPANY *v.* BURNETT'S EXECUTORS.

RAILROADS. *Condemnation of land. Interest. Pleadings and practice.* Where petition was filed under section 1326, *et seq.*, of the Code, to have damages assessed to plaintiff by reason of the road passing over petitioner's land, and after years of delay in litigation, commissioners or a jury were appointed by the circuit court to assess damages, no directions being given as to interest, the jury fixed the damages and made their report, which was excepted to because no interest was allowed. *Held*, the case was not tried as a jury case, but the court acted on the report and the facts therein stated as in equity, and the action of the court does not have the effect of the finding of a jury, and that interest might be allowed.

### FROM COCKE.

Appeal in error from the Circuit Court of Cocke county.     J. G. ROSE, J.

W. M. BAXTER and GEO. BROWN for Railroad.

WM. McFARLAND and G. W. PICKLE for Executors.

FREEMAN, J., delivered the opinion of the court.

At a former day of this term, this case was affirmed from the bench by the court, with the modification sustaining exception of Burnett's executors, allowing interest on the amount recovered as damages from the period thus fixed, to-wit, from the time Burnett ceased to be compensated for interest by the use of a free pass on the road.

A petition for modification of the judgment then rendered is presented, as to the question of interest alone. It is urged, that inasmuch as the circuit judge did not allow interest, his finding is like the finding of a jury on this question, or the finding of the court in a case submitted without a jury, in which the finding of the jury or court, in a matter of discretion would not be controlled.

This is certainly the rule in the cases indicated, where the case is tried according to the common law.

Was this such a case? The facts are, that a petition, under sections 1326, et seq., was filed to have damages assessed to plaintiff by reason of the road passing over petitioner's land, after a number of years of delay in litigation, the case having been brought to this court and remanded, commissioners or a jury was appointed by the court to assess said damages.

In the decree appointing the jury, there are specific directions given as to the rules of law governing them in such cases, but the question of interest on the damages is not mentioned at all, but pretermitted. The jury having no directions on the subject, fixed the

Railroad *v.* Burnett's Executors.

damages and made their report. This report was excepted to by petitioner, because interest was not allowed, and the exception overruled. Defendant appealed, and petitioner prosecutes a writ of error to reverse the holding as to interest.

The case was not tried as a jury case, but in the form it stands before us in the record, is in the nature of a proceeding in equity, with exceptions to the report of a master. The court simply acted on the report of the commissioners, and on the facts therein shown, in overruling the exceptions. There had been no appeal as provided for by sections 1342 and 1343, in which case a jury trial is to be had, or such a trial, and reinvestigation of the facts on testimony adduced by the parties before the court as in other cases, a jury being waived. On this state of the case we hold the action of his Honor does not have the effect of a finding by a jury, and is subjected to revision as in other cases of exceptions to the report of a master. We think this a proper case where interest should be allowed; certainly there is nothing shown in the record that forbids such an allowance.

We therefore hold the former judgment of this court correct, and dismiss the petition.